[Crim. No. 680.  Second Appellate District, Division One.—November 5, 1919.]

THE PEOPLE, Respondent, v. MABEL WEBBER, Appellant.

[1] CRIMINAL LAW—OFFERING FORGED INSTRUMENT FOR RECORD—DEFECTIVE CERTIFICATE OF ACKNOWLEDGMENT—SUFFICIENCY OF INDICTMENT.—An indictment charging a defendant with offering and procuring a certain false and forged instrument which is set out *in haec verba* to be recorded in the office of a county recorder of a given county states a public offense under section 115 of the Penal Code, notwithstanding the certificate of acknowledgment on the instrument omits the names of the persons appearing before the notary, where the certificate does identify the persons who made the acknowledgment as being the persons whose names are subscribed to the instrument.

[2] ID.—AMENDMENT OF INDICTMENT.—The trial court may allow an indictment to be amended where it can be done without prejudice to the substantial rights of the defendant.

[3] ID.—FORGERY OF CERTIFICATE OF ACKNOWLEDGMENT—INDICTABLE OFFENSE—AMENDMENT OF INDICTMENT.—An indictment charging the defendant with making and forging a certain certificate of acknowledgment purporting to have been issued by a given notary public charges an indictable offense; and it is not prejudicial error to permit such an indictment to be amended to charge that the defendant made and forged the handwriting of the notary on such certificate of acknowledgment.

[4] ID.—RATIFICATION OF FORGERIES—AUTHORITY TO SIGN NAMES—INSTRUCTIONS.—In a prosecution for offering and procuring a certain false and forged instrument to be recorded in the office of a county recorder, an instruction that "Certain evidence has been introduced in this case from which you might infer, if you find that the defendant is guilty of the forgeries charged against her, such forgeries have been ratified. You are instructed that ratification or confirmation of such forgeries, if you find they were committed, is no defense to the charges, but such ratification and confirmation may be considered by you as a circumstance in determining whether at the time of the alleged forgeries, if you find that such forgeries were committed, the defendant had the authority to sign the names of the persons whose signatures she is accused of forging," contains no comment on the weight of the evidence, but the condition imposed by the phrase "if you find that such forgeries were committed," if taken literally by the jury, subjects the last sentence to contradictory interpretations.

[5] ID.—WANT OF INJURY—INSTRUCTIONS.—In such a prosecution, an instruction, "that the fact, if it be a fact, that no person suffered any injury by reason of any of the acts charged against defendant herein is not to be considered by you in arriving at your verdict as to her guilt or innocence. If you believe to a moral certainty and beyond a reasonable doubt that the prosecution in this case has proven the truth of the allegations of the indictments, you should find the defendant guilty regardless of the question whether or not any injury resulted to anyone as a consequence of her act. Therefore the question whether or not any third party suffered any pecuniary loss as a result of the defendant's conduct is a question which should not be considered by you in your deliberations in determining her guilt or innocence," is not a comment on the weight of evidence; neither is it contradictory or misleading.

2.  Power of court to amend indictment, note, 7 A. L. R. 1516.

Constitutionality of statutes permitting the amendment of indictments, notes, 3 Ann. Cas. 558; Ann. Cas. 1913A, 402.

[6] ID.—DEMAND THAT DEFENDANT PRODUCE INSTRUMENTS—MISCON-
DUCT OF DISTRICT ATTORNEY — ADMONITION TO JURY — LACK OF
PREJUDICE.—In such a prosecution the defendant is not prejudiced
by the misconduct of the district attorney in demanding of coun-
sel for defendant, in the presence of the jury, the production of
the contracts and deeds included in the indictments and stating
that apparently the contract had been returned from the recorder's
office to the defendant, where the court, after ruling that the de-
fendant is not required to produce evidence against herself, in-
structs the jury to disregard the demand, and not consider the
circumstance at all against the defendant as a demand not complied
with, or for any other purpose.

[7] ACKNOWLEDGMENT — DEFECTIVE CERTIFICATE. — A certificate of ac-
knowledgment which omits the names of the persons appearing be-
fore the notary is fatally defective. (Opinion of supreme court
on denial of hearing.)

[8] CRIMINAL LAW — CONSTRUCTION OF SECTION 115, PENAL CODE. —
Section 115 of the Penal Code, in providing that every person
knowingly procuring or offering any false or forged instrument
to be filed, etc., "which instrument, if genuine, might be filed or
registered," etc., simply seeks to cover as coming within its terms
the various classes of instruments entitled under our law to be
recorded without any regard whatever whether the particular in-
strument is defective in form or certification. (Opinion of supreme
court on denial of hearing.)

APPEAL from a judgment of the Superior Court of Kern
County. T. N. Harvey, Judge. Affirmed.

E. J. Emmons, T. F. Allen and R. B. Lambert for Appel-
lant.

U. S. Webb, Attorney-General, and Joseph L. Lewinsohn,
Deputy Attorney-General, for Respondent.

CONREY, P. J.—The defendant was brought to trial on
three indictments, the cases being consolidated and tried to-
gether. Indictment No. 1726 contained three counts. The
first count charged that the defendant offered and procured
a certain false and forged instrument to be recorded in the
office of the county recorder of Kern County. This instru-
ment was set out in the indictment. It purported to be an
agreement between Eugene Whitte and his wife, Elizabeth
Whitte, for the transfer by them of certain lands in Kern
County to Charles A. Quinn and his wife, Musetta Culbert-

son Quinn, and purported to have been signed by Elizabeth Whitt and Eugene Whitt, as well as by the Quinns.

The second count of said indictment charged the defendant with offering and procuring a certain false and forged instrument to be filed and recorded in the office of the county recorder of Kern County, which instrument is set out in said indictment and purported to be a deed from Charles A. Quinn and wife to Mabel Webber, the grantee.

The third count of said indictment charged that the defendant offered and procured a certain false and forged instrument to be registered and recorded in the office of the county recorder of Kern County, which said instrument is set forth in the indictment and purports to be a deed from Eugene Whitte and Elizabeth Whitte to Mabel Webber, the grantee therein; all of which acts were in violation of section 115 of the Penal Code of the state of California.

Indictment No. 1734 charged the defendant with procuring a certain false and forged instrument to be filed and recorded in the office of the county recorder of Kern County, which said instrument is set forth in the indictment and purports to be a deed from Herman Creasy to Edith V. Creasy of certain real property in the county of Kern, which said act was likewise in violation of section 115 of the Penal Code.

Indictment No. 1735 contained two counts. The first count charged the defendant with forging the deed from Herman Creasy to Edith V. Creasy of certain real property in the county of Kern, state of California, in violation of section 470 of the Penal Code; the instrument alleged to have been forged is set forth in the first count of said indictment.

The second count of indictment No. 1735, as originally filed, charged the defendant with forging a certain certificate of acknowledgment purporting to have been issued by L. S. Harman, a notary public, in and for the county of Kern, state of California, which said acknowledgment was placed on the deed described and set forth in the first count of indictment No. 1735. During the trial, this last-mentioned count was amended by inserting after the word "forge" the words, "the handwriting of one L. S. Harman to and on," and by inserting after the word "by" the word "said."

The defendant was found guilty on each and every count as charged, and has appealed from the judgment of conviction.

[1]    The first point of appellant is, that the first count of indictment No. 1726 does not state a public offense, and for the following reason, to wit: Section 115 of the Penal Code provides: "Every person who knowingly procures or offers any false or forged instrument to be filed, registered, or recorded in any public office within this state, which instrument, if genuine, might be filed, or registered, or recorded under any law of this state or of the United States, is guilty of felony." Under this section it is only an instrument which is entitled to be recorded, the recording of which constitutes a crime. (*People* v. *Harrold*, 84 Cal. 567, 569, [24 Pac. 106].). The certificate of acknowledgment on the contract is set forth in the following words in the first count of indictment No. 1726:

"State of California,
    County of Kern,—ss.

"On this 11th day of September in the year one thousand nine hundred and eighteen before me, L. S. Harmon, a notary public in and for the said county of Kern, personally appeared ——, known to me to be the persons whose names are subscribed to the within instrument, and who duly acknowledged to me that they executed the same.

"In Witness Whereof, I have hereunto set my hand and affixed my official seal at my office in the said county of Kern, the day and year in this Certificate first above written.

"(Seal)    L. S. HARMON,
"Notary Public in and for the said County of Kern, State of California."

Section 1161 of the Civil Code provides that before an instrument can be recorded, unless it belongs to the class provided for in either section 1159, 1160, or 1203, its execution must be acknowledged by the person executing it, etc. Section 1189 of the Civil Code prescribes the form for a certificate of acknowledgment. The certificate must state that, before the officer, "appeared —— known to me . . . to be the person whose name is subscribed to the within instrument, and acknowledged that he (she or they) executed the same." In the certificate of acknowledgment placed on this instrument it will be noted that it reads, "personally appeared —— known to me," etc. Therefore, says appellant, it does not state who appeared, or that anybody appeared, and as, for

that reason, the instrument was not entitled to be recorded, the act of offering it for record could not constitute a crime. This contention should not be sustained. The prescribed form need not be followed literally. (*Southwick* v. *Davis,* 78 Cal. 504, [21 Pac. 121].) The certificate identified the persons who made the acknowledgment as being *the* persons whose names were subscribed to the instrument. This, in the ordinary and reasonable meaning of the words, meant all of the names signed thereto.

The next matter to be considered is the amendment to the second count of indictment No. 1735. The charging part of this indictment, as originally filed, was in the following words and figures, except the words here given in parentheses:

"That the said Mabel Webber, on or about the 11th day of September, 1918, at the County of Kern, State of California, did then and there wilfully, unlawfully and feloniously and fraudulently and with intent to prejudice, damage and defraud one Herman Creasy, make and forge (the handwriting of one L. S. Harman to and on) a certain certificate of acknowledgment, purporting to have been issued by (said) L. S. Harman, a Notary Public in and for the County of Kern, State of California, and an officer duly appointed, qualified and authorized by the laws of the State of California to take and certify to acknowledgments of grants and conveyances of real property in said State, of said Herman Creasy of the execution by him, said Herman Creasy of a certain purported conveyance to Edith V. Keyland of certain real property situated in the County of Kern, State of California, particularly described as follows."

At the trial (and before a jury was impaneled to try the case), the court, over the objection of defendant, permitted the district attorney to amend the second count of the said indictment by inserting the words, "the handwriting of one L. S. Harmon to and on," and after the word "by," the word "said."

It is the contention of appellant that the indictment, as originally filed, did not state a public offense under section 470 of the Penal Code, or any other section of said Penal Code, and that it was error for the court to permit amendment of the indictment so as to state an offense under said section 470. [2] The court may allow an indictment to be amended, "where it can be done without prejudice to the

substantial rights of the defendant.'' (Pen. Code, sec. 1008.) It may be conceded that defendant's objection was good if the indictment, before amendment, did not charge an indictable offense. [3] But it did charge an indictable offense. Under the terms of Penal Code, section 470, any person is guilty of forgery, who, with intent to defraud, ''forges the seal or handwriting of another.'' Assuming that the code nowhere explicitly declares the forgery of a certificate of acknowledgment to be an indictable offense, it remains true that forgery of the seal or handwriting of the notary on such certificate is a crime, and is perhaps the only way in which such crime can be committed. If so, the charge that defendant forged the certificate was merely an incorrect method of charging that she forged the seal and handwriting. Where an information alleged the forgery of an entire instrument, and the proof was only that the pretended grantor's signature was forged, this was held sufficient to support the verdict. (*People* v. *Chretien,* 137 Cal. 450, 454, [70 Pac. 305].) Taking into consideration the law as stated, the amendment did not mislead the defendant and did not prejudice her in relation to any substantial right, or at all.

Appellant next contends that the court erred in three of the instructions given to the jury. The first of these instructions properly ignored the rule concerning corroboration of testimony of accomplices. The appropriate instruction on that subject was given elsewhere.

[4] The second of these instructions was as follows: ''Certain evidence has been introduced in this case from which you might infer that if you find that the defendant is guilty of the forgeries charged against her, such forgeries have been ratified. You are instructed that ratification or confirmation of such forgeries, if you find they were committed, is no defense to the charges, but such ratification and confirmation may be considered by you as a circumstance in determining whether at the time of the alleged forgeries, if you find that such forgeries were committed, the defendant had the authority to sign the names of the persons whose signatures she is accused of forging.''

Appellant claims that this instruction was a comment on the weight of evidence and was misleading and confusing, in that it virtually told the jury that while certain evidence had been introduced which might show that the forgeries had been

ratified, yet that before they considered this evidence it would be necessary for them to find that forgeries had been committed; whereas, if the defendant had the authority to sign, there could have been no forgery. It should be conceded that the insertion of the phrase, "if you find that such forgeries were committed," threw some confusion into the last clause of the instruction. The instruction contains no comment on the weight of the evidence, but the condition imposed by the quoted phrase, if taken literally by the jury, subjected the last sentence to contradictory interpretations.

[5] The court further instructed the jury: "You are instructed that the fact, if it be a fact, that no person suffered any injury by reason of any of the acts charged against defendant herein is not to be considered by you in arriving at your verdict as to her guilt or innocence. If you believe to a moral certainty and beyond a reasonable doubt that the prosecution in this case has proven the truth of the allegations of the indictments, you should find the defendant guilty regardless of the question whether or not any injury resulted to anyone as a consequence of her act. Therefore the question whether or not any third party suffered any pecuniary loss as a result of the defendant's conduct is a question which should not be considered by you in your deliberations in determining her guilt or innocence."

Appellant contends that this instruction is a comment on the weight of evidence and is also contradictory and misleading. It does not appear to us that any of these objections have merit. The instruction merely states, with undue prolixity, the correct rule, that the fact that a forgery, or the unlawful use of a forged instrument, has not resulted in loss to persons who might have been injured thereby, does not render the wrongdoer any less guilty in the eyes of the law.

Counsel for appellant claims that the court erred, in four stated instances, in overruling objections made by him to offered evidence. The first ruling was manifestly correct. (Code Civ. Proc., sec. 1919.) The second, admitting testimony of the witness Shackelford, was correct. Another witness, Mrs. Keyland, had testified to certain writing done by defendant at Shackelford's office, and the use by her of mucilage on a document, the ink and mucilage being borrowed from Shackelford. Shackelford's testimony was that at the stated time and place "a lady" had been there and had bor-

rowed ink and mucilage from him, but he could not say that defendant was the lady in question. Nevertheless, the testimony was admissible, as to some extent corroborating the testimony of Mrs. Keyland, which did identify the defendant. The third and fourth rulings relate to the admission of a document in evidence, and the use thereof in the testimony of an expert witness on handwritings. This document was, with one exception, a duplicate of the contract set forth in the first count of the indictment in case number 1726, of which document the record, as found in the county recorder's office, had been admitted in evidence. The exception was that on the unrecorded duplicate there appeared the name, "Carrie L. Bridges," written on it, as a witness. From the testimony of Charles A. Quinn it appears that two copies of the contract, signed only by Quinn and wife, had been delivered to defendant, who was to have them signed by Witt and wife. A few days later the defendant returned this document to Quinn, bearing thereon the apparent signatures of Witt and wife, and the name of Carrie L. Bridges. In the meantime the other copy, bearing the apparent signatures of Witt and wife, had been recorded. The testimony of Quinn, at the trial, followed the testimony of the expert witness and the admission in evidence of the document in connection with that testimony. All of this was admissible as part of the entire transaction and as tending to corroborate other evidence tending to prove that the document described in the indictment as a document which defendant caused to be recorded was a forged instrument, and was in fact taken to the recorder's office, and recorded at her request.

[6] The district attorney at the trial made demand on counsel for defendant to produce the contract and two deeds, all of which were included in the indictments, and had been shown to be recorded instruments, and in so doing referred to the contract as having been apparently returned from the recorder's office to the defendant. Defendant's attorney objected to "the statement and demand" of the district attorney, and assigned it as prejudicial error on the part of the prosecution. The court ruled that "the defendant is not required to produce evidence against herself," and instructed the jury to disregard the demand and not consider that circumstance at all against the defendant as a demand not complied with, or for any other purpose. Appellant contends that it was

misconduct and prejudicial error for the district attorney to make the demand in the presence of the jury. Referring to a similar demand for a document which the defendant was not under obligation to produce, the supreme court said (*People* v. *Royce,* 106 Cal. 173, 184, [37 Pac. 630, 633]): "In the case at bar the demand was not pressed, and we do not see how the defendant was prejudiced, even if it be conceded that such demand constituted error. The exception was to the demand of the district attorney, and not to any action of the court. If the court had directed the defendant to produce the check, or if the district attorney had commented to the jury upon the defendant's failure to produce the check, a different question would have been presented."

The evidence in this case firmly establishes defendant's guilt. Assuming that there was error in one of the instructions, as hereinbefore stated, we consider it extremely improbable that the jury was misled thereby. There was a fair trial, and there has been no miscarriage of justice in the conviction of the defendant.

The judgment is affirmed.

Shaw, J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 2, 1920, and the following opinion then rendered thereon:

THE COURT.—[7] In denying the application for a hearing in this court after decision by the district court of appeal of the second appellate district, division one, we desire to say that we are not prepared to concur in the view of the district court of appeal to the effect that the certificate of acknowledgment set forth in the opinion is substantially sufficient as a certificate of acknowledgment. We are inclined to the view that such certificate is fatally defective as·a certificate of acknowledgment. [8] But we do not regard this matter of any importance in so far as this case is concerned. Section 115 of the Penal Code, in providing that every person knowingly procuring or offering any false or forged instrument to be filed, etc., "which instrument, if genuine, might be filed, or registered," etc., simply seeks to cover as coming within

its terms the various *classes* of instruments entitled under our law, to be recorded, such as deeds, mortgages, etc., without any regard whatever whether the particular instrument is defective in form or certification.

The application for a hearing in this court is denied.

All the Justices concurred, except Shaw, J., who was absent.