[Crim. No. 1326.   Second Appellate District, Division One.—May 5, 1926.]

# THE PEOPLE, Respondent, v. S. W. MILLIGAN, Appellant.

[1] CRIMINAL LAW — FICTITIOUS PROMISSORY NOTE — OWNERSHIP OF PURPORTED SECURITY—DESCRIPTION OF REAL PROPERTY—EVIDENCE. In this prosecution in which the defendant was charged with wilfully, unlawfully, and feloniously uttering, publishing, and having in his possession a certain false and fictitious promissory note which he attempted to pass as true and genuine, it having been established by a witness for the prosecution that she, and not the person whose name was subscribed to the note, was the owner of the real property upon which the mortgage was given to secure the alleged fictitious note, the trial court did not err in permitting said witness, over defendant's objection, to testify to the legal description of said real property.

[2] ID.—INTENTION TO DEFRAUD—AMENDMENT OF INFORMATION—EVIDENCE—PREJUDICE.—In this prosecution in which the defendant was

---

2. See 14 Cal. Jur. 93.

charged with wilfully, unlawfully, and feloniously uttering, publishing, and having in his possession a certain false and fictitious promissory note which he attempted to pass as true and genuine, the information as originally drawn having contained each of the necessary allegations constituting the offense prescribed by section 476 of the Penal Code, with the exception that no "intention to defraud" was charged, the trial court did not err in permitting, over defendant's objection, an amendment after the evidence was closed by adding thereto the necessary allegation, where the charge preferred by the information as thus amended constituted an offense shown by the evidence taken at the preliminary examination, and the substantial rights of the defendant were not prejudiced by such amendment, and defendant was offered full opportunity to introduce any additional evidence bearing upon the transaction which was the foundation of the charge against him, but he declined to avail himself of the courtesy which was thus extended.

[3] ID.—APPEAL—PRELIMINARY EXAMINATION — EVIDENCE — PRESUMPTIONS.—On appeal from the judgment in such prosecution, where no question is raised as to the sufficiency of the evidence taken at the preliminary examination to show the charge preferred by the information as thus amended, it must be presumed that all the necessary elements constituting the commission of the offense by the defendant, including the "intention to defraud," were contained within the evidence adduced on defendant's preliminary examination.

(1) 16 C. J., p. 615, n. 56, p. 748, n. 49, p. 749, n. 57, p. 750, n. 84.
(2) 31 C. J., p. 824, n. 51, p. 829, n. 43, p. 833, n. 15, p. 834, n. 24.
(3) 17 C. J., p. 213, n. 30, 31, p. 216, n. 43.

APPEAL from a judgment of the Superior Court of Orange County. R. Y. Williams, Judge. Affirmed.

The facts are stated in the opinion of the court.

Mathonihah Thomas for Appellant.

U. S. Webb, Attorney-General, and H. H. Linney and John W. Maltman, Deputies Attorney-General, for Respondent.

HOUSER, J.—Defendant appeals from a judgment of conviction of the crime inhibited by section 476 of the Penal Code, which makes punishable the fraudulent act of

making, passing, uttering, or publishing a fictitious bill, note, or check.

More particularly the information herein charged in substance that at a designated time and place defendant did wilfully, unlawfully, and feloniously utter, publish, and have in his possession a certain false and fictitious promissory note which he attempted to pass as true and genuine.

[1] The first point urged by appellant as a reason for reversal of the judgment is that, over defendant's objection and to the prejudice of defendant's substantial rights in the premises, the trial court erred in permitting a witness to testify to the legal description of certain real property which was security for said alleged fictitious note.

It appears that, without objection, the witness testified that she was the owner of the real property in question, which, as described by the witness, was identical with the street and number thereon stated by defendant in the negotiations by him for the sale of the note, as representing the property upon which the mortgage was given to secure the note in question.

Appellant suggests that the testimony of the witness as to the legal description of the property which she claimed to own was secondary and consequently inadmissible. It would seem, however, that the ownership of the real property which purported to be the security for the alleged fictitious promissory note was but incidental to the issue in the case. Defendant was accused, not with any crime affecting the execution of a mortgage, but with the offense of feloniously making and uttering a promissory note. The evidence being that the property upon which the mortgage was given to secure the alleged fictitious note was not owned by the person whose name was subscribed to the note, the description of the particular piece of property which was mortgaged as security for the note, while perhaps not wholly immaterial, was nevertheless of comparative unimportance. Besides, it having been established that the witness was the owner of a definitely located piece of real property, we see no reason why a legal or other description thereof should not be given in evidence by any person in possession of the facts.

[2]    It is also contended by appellant that prejudicial error was committed by the trial court in permitting, over defendant's objection, an amendment to the information after the evidence was closed.

It is admitted that as originally drawn the information against defendant contained each of the necessary allegations constituting the offense, with the exception that in the language of the statute (Pen. Code, sec. 476), no "intention to defraud" was charged. Such omission having been directed to the attention of the district attorney, he moved the court for leave to amend the information by adding thereto the necessary allegation. Over defendant's objec-. tion, the motion was granted by the court and the information was amended accordingly—at the same time leave being granted to defendant to reopen the case for the purpose of submitting additional evidence. Defendant claimed to have been taken by surprise and "stood on the record." Appellant now insists that because the information upon which defendant went to trial failed to completely charge the commission of a public offense, no power existed in the trial court to grant the motion to amend the information so that it would state a cause of action; and in support thereof cites several authorities to the effect that where an information or indictment is fatally defective in that it fails to state facts sufficient to constitute the crime charged, a judgment of conviction thereof will not be permitted to stand, even though the insufficiency of the formal accusation against the defendant be not raised until after trial. But the question which this court is called upon to consider is whether in the course of the trial, after the evidence has been introduced, a defective information may be amended so that it will state a cause of action in accordance with evidence taken at the preliminary examination. The only authority bearing directly on the point submitted by appellant is that of *People* v. *Webber,* 44 Cal. App. 120 [186 Pac. 406], in which it was conceded that if an indictment as originally filed did not state a public offense it could not be amended so to do at the trial of the action. That statement of the law, however, loses some of its force because of the fact that the court held that the indictment under consideration did charge· an indictable offense. On

the other hand, section 1008 of the Penal Code provides in part that:

"An indictment or information may be amended by the district attorney without leave of court, at any time before the defendant pleads. Such amendment may be made at any time thereafter, in the discretion of the court, where it can be done without prejudice to the substantial rights of the defendant. An indictment cannot be amended so as to change the offense charged, nor an information so as to charge an offense not shown by the evidence taken at the preliminary examination."

[3] The language of the statute, while stated negatively, would seem to warrant an amendment such as is here involved, provided that the substantial rights of the defendant were not prejudiced thereby and that the charge preferred by the information as amended constitutes an offense shown by the evidence taken at the preliminary examination. (*People* v. *Foster*, 198 Cal. 112 [243 Pac. 667].) As to the latter prerequisite no question is raised. It must, therefore, be presumed that all the necessary elements constituting the commission of the offense by the defendant, including the "intention to defraud," were contained within the evidence adduced on defendant's preliminary examination. The only question, therefore, to be determined is whether the incorporation into the defective information at the close of the evidence on the trial in the superior court of the omitted allegation, to wit, that the alleged acts of defendant "were done with the intention to defraud," was "without prejudice to the substantial rights of the defendant." (Pen. Code, sec. 1008.)

No claim is made by appellant that the evidence is insufficient to support the verdict; nor was any evidence introduced by either side after the amendment to the information was made; from which it follows that the intention of defendant to defraud (which was the substance of the amendment to the information) had been established at the time the amendment was made. Furthermore, the record shows that defendant was offered full opportunity to introduce any additional evidence bearing upon the transaction which was the foundation for the charge against him, but that he declined to avail himself of the courtesy which was thus extended.

In the case of *People* v. *Rippe,* 32 Cal. App. 514 [163 Pac. 506], the information charged that the defendant by means of false representations induced certain parties to sign a promissory note and that they were thereby "defrauded, damaged and prejudiced." The information contained no allegation that the promissory note had been delivered to the payee thereof. When the case came on for trial the district attorney was permitted to amend the information by an allegation to the effect that the note when signed was delivered to the defendant and by him delivered to the payee therein named. In discussing the question the appellate court said in part:

"While the information as originally filed did not state facts sufficient to constitute an offense known to the law (citing authority), nevertheless it did attempt to charge the crime of 'obtaining property by false pretenses' and the amended information did no more than show by a proper allegation that the note which was the subject matter of the false pretenses had become 'property' within the meaning of section 532 of the Penal Code, which defines the offense of obtaining property by false pretenses. (Citing authority.) Obviously, therefore, the amended information did not charge an offense different from that attempted to be charged in the original information, which was admittedly founded upon the evidence taken at the preliminary examination, and consequently the filing of the amended information neither prejudiced the defendant nor contravened the provisions of section 1008 of the Penal Code."

The facts in the case of *People* v. *Miller,* 34 Cal. App. 641 [168 Pac. 574], are not stated—the entire discussion of the point involved being as follows:

"It is only necessary to say in this case that the original information purported to charge a public offense, and that the amended information as filed, after the request of the district attorney and upon the permission of the court being given, did not charge an offense different from that attempted to be stated in the original information. Consequently the filing of the amended complaint neither prejudiced the defendant nor contravened the provisions of section 1008 of the Penal Code. (See *People* v. *Rippe,* 32 Cal. App. 514 [163 Pac. 506].)"

The appeal in the case of *People* v. *Foster*, recently decided by the supreme court of this state (198 Cal. 112 [243 Pac. 667]), involved, among other things, the question of the right during the course of the trial of amending an information in which the crime of robbery was charged by changing the name of the person whom it was alleged that the defendant had robbed. In the course of the opinion the following language is found:

"We think the amendment as made to section 1008, Penal Code, in 1911, is quite persuasive, if not entirely convincing, as to the intention of the legislature to permit, in the discretion of the trial court, the amendment of informations where it can be done without substantial prejudice to the rights of the defendant, so as to correctly state the offense shown by the evidence taken at the preliminary examination." (See, also, *People* v. *Shope, ante,* p. 427 [245 Pac. 998].)

So far as the record discloses in the instant case, the complaint which was the basis for the perliminary examination of defendant may have contained each and every allegation necessary to a complete statement of a cause of action. At any rate, as hereinbefore herein indicated, it must be assumed that the evidence adduced on such preliminary examination was sufficient to justify the commitment of defendant. The information based upon such commitment (which commitment is likewise necessarily presumed sufficient) attempted to charge the identical offense for the commission of which defendant went to trial. That with one exception all the acts constituting such offense were adequately set forth in the information is impliedly conceded, as is the fact that the evidence on the trial supported the verdict of conviction. After the information had been amended, defendant declined the opportunity afforded him by the trial court to disprove any of the facts theretofore introduced by the prosecution tending to establish the allegation that the alleged acts of defendant were done by him with the intention to defraud. For the reason that the amended information did not charge an offense different from that attempted to be charged in the original information (*People* v. *Rippe,* 32 Cal. App. 514, 516 [163 Pac. 506]), but accused the defendant of the offense shown by the evidence taken at the preliminary examination, and because of the fact that such amendment

was "without prejudice to the substantial rights of the defendant" (Pen. Code. sec. 1008), we are constrained to hold that no error was committed by the trial court.

The judgment is affirmed.

Conrey, P. J., and York, J., concurred.