[No. 21076.  Department One.—April 30, 1894.]

## THE PEOPLE, RESPONDENT. *v.* C. A. NESBITT, APPELLANT.

CRIMINAL LAW—PLEADING—AMBIGUITY AND UNCERTAINTY—SPECIAL DEMURRER.—In the absence of a special demurrer, ambiguities and uncertainties in an information in a criminal case are not fatal to a judgment of conviction.

ID.—OBTAINING PROPERTY UNDER FALSE PRETENSES—UNCERTAIN DESCRIPTION OF PROPERTY.—Where a description of property forms a part of the false pretenses and representations set forth in an information upon a charge of obtaining property by false pretenses, the pleader is bound to set out the pretenses and representations in the information exactly as they were made by the defendant, regardless of their indefiniteness and uncertainty.

ID.—CHARGE OF FRAUD—DECEPTION—SUFFICIENCY OF PLEADING.—Though it is better practice to make a direct allegation charging the defendant with having defrauded a person named of certain specified property by false pretenses set forth in the information, yet, where the information charges that the defendant willfully and feloniously, and with intent to defraud a certain person of his property, made to him certain false and fraudulent representations and pretenses set forth in the information, and that such person, believing such statements, and being deceived thereby, was induced to, and did, borrow money from a bank upon a note, which money was paid to the defendant, the information sufficiently charges that such person was defrauded of his property.

ID.—DECEPTION, WHEN EQUIVALENT TO FRAUD.—Deception deliberately practiced for the purpose of gaining an unfair advantage of another is fraud, and goods obtained by such practices are obtained by fraud, and one deprived of his property by such means is defrauded.

APPEAL from a judgment of the Superior Court of Butte County.

The facts are stated in the opinion of the court.

*T. J. Crowley,* for Appellant.

The information fails to state facts constituting a public offense, as it does not sufficiently describe the property. (*People* v. *Reed,* 70 Cal. 527, 532.) It is also insufficient, as it fails to charge fraud. (*People* v. *McKenna,* 81 Cal. 159; *People* v. *Wasservogle,* 77 Cal. 173.)

*Attorney General W. H. H. Hart,* and *Deputy Attorney General Charles H. Jackson,* for Respondent.

The information is sufficient. (Pen. Code, sec. 532; *People* v. *Donaldson,* 70 Cal. 116; *Commonwealth* v. *Drew,* 19 Pick. 182; 2 Bishop on Criminal Law, sec. 163. See, also, upon the subject of obtaining property under false pretenses generally, *People* v. *Wasservogle,* 77 Cal. 173; *State* v. *Evers,* 49 Mo. 542; *In re Snyder,* 17 Kan. 542; *Johnson* v. *State,* 41 Tex. 65; *Ryan* v. *State,* 45 Ga. 128; *People* v. *Jordan,* 66 Cal. 10; 56 Am. Rep. 73.)

GAROUTTE, J.—The defendant, Nesbitt, appeals from a judgment of conviction upon a charge of obtaining property by false and fraudulent pretenses and representations. No demurrer was filed to the information, and it is now insisted that it is not sufficient to support the judgment.

The material allegations of the information are as follows: 1. The defendant willfully and feloniously, and with intent to defraud one M. L. Merry of his property, made to him certain false and fraudulent representations and pretenses; 2. These representations and pretenses were that he, the said defendant, and one Joseph Johnson were the owners of certain machinery consisting of boilers, engines, and pumps; that if the said M. L. Merry would execute jointly with said defendant and said Johnson a promissory note for the sum of five hundred dollars, he, the said defendant, and said Johnson would execute and deliver to said M. L. Merry a bill of sale of said machinery as security for his joining in

the execution of said note; and then and there the said defendant, for himself and said Johnson, executed and delivered to said M. L. Merry a bill of sale of said machinery; 3. Said Merry, believing said statements, and being deceived thereby, was induced to and did then and there execute and deliver jointly with said defendant and said Johnson to the Bank of Chico his promissory note for the sum of five hundred dollars, payable to the Bank of Chico, and said Bank of Chico paid defendant five hundred dollars; 4. Said note was the property of Merry, and of the value of five hundred dollars.

The facts constituting the offense here charged are somewhat complicated, but we deem them quite well stated. In the absence of a demurrer, there is no serious objection to be urged to the pleading. A greater portion of appellant's argument, assailing the information as an unsound pleading, is addressed to its alleged ambiguities and uncertainties, but these matters can only be raised by special demurrer. Their presence in the information is not fatal to a judgment rendered upon the trial of the case. As an example of defendant's grounds of complaint, he insists that the property referred to in the information is not described with sufficient certainty. If such be the fact, it is the fault of the defendant, and not the fault of the pleader. A description of the property forms a portion of the false pretenses and representations, and the pleader was bound to set out these pretenses and representations in the information exactly as they were made by the defendant, regardless of the fact of their indefiniteness and uncertainty.

We think the better practice would have been for the district attorney to have made a direct allegation in the information charging the defendant with having defrauded Merry of his note, and then the statute defining the offense here charged would have been literally followed. But this same question was fully discussed in the very recent case of *People* v. *Wieger*, 100 Cal. 352, and an information similar to the present one in

this regard was there upheld. In that case it is said: "Deception deliberately practiced for the purpose of gaining an unfair advantage of another is fraud. Goods obtained by such practices are obtained by fraud. One deprived of his property by such means is defrauded." We see nothing upon the other branch of the case discussed by counsel demanding extended consideration.

The judgment is affirmed.

PATERSON, J., and HARRISON, J., concurred.