[Crim. No. 503. First Appellate District.—March 22, 1915.]

## THE PEOPLE, Appellant, v. BASILE CASSOU, Respondent.

CRIMINAL LAW—OBTAINING PROPERTY BY FALSE PRETENSES—CONSTRUCTION OF CODE—PROMISSORY NOTE, "PROPERTY."—A promissory note in the hands of the payee thereof, or in the hands of any other person than the maker, is an evidence of debt, and as such, is "property" which may be the subject-matter of the offense of obtaining property by false pretenses within the meaning of section 532 of the Penal Code.

ID.—PROCURING INDORSEMENT UPON PROMISSORY NOTE—SUFFICIENCY OF INFORMATION.—An information charging a defendant with the felonious obtaining of personal property by false pretenses, which alleges that the defendant induced the complaining witness by means of such pretenses to "make and deliver" to defendant the promissory note set out in the information, from which note it appears that the defendant alone was the maker and that the complaining witness was merely an indorser, fails to state facts sufficient to constitute a public offense, as such pleading charges the defendant with nothing

more than procuring the indorsement of the note by false pretenses, which indorsement is not an evidence of debt while the note remains in the hands of the defendant and has not been negotiated.

ID.—PROMISSORY NOTE—DELIVERY.—Neither a promissory note, nor the indorsement thereon, has any legal existence until delivered to and accepted by the payee.

APPEAL from a judgment of dismissal of the Superior Court of the City and County of San Francisco. George H. Cabaniss, Judge.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, and Halsey Rixford, for Appellant.

E. L. Webber, and Fitzpatrick & Greeley, for Respondent.

LENNON, P. J.—The defendant in this case, in an information filed in the superior court of the city and county of San Francisco, was charged with the felonious obtaining of personal property by false pretenses. The defendant's demurrer was allowed upon the ground that the information did not state facts sufficient to constitute a public offense. A judgment of dismissal was thereupon entered, from which the people have appealed.

The information charged the defendant with having induced one G. F. Vella, by means of false pretenses, to make and deliver to the defendant the following promissory note:
"$600.                    San Francisco, Cal., May 4, 1912.

"One day after date, 1912, at 3 o'clock P. M. of that date (no grace) for value received in gold coin of the government of the United States, I promise to pay to the order of Bank of Italy in this city six hundred dollars, with interest from date at the rate of seven per cent per annum until paid, payable monthly, both principal and interest payable in like gold coin. (Signed) BASILE CASSOU."

This note was indorsed by Vella, and following his signature as indorser appears the following:

"For value recived . . . hereby waive presentation, due protest, notice of protest and notice of nonpayment. (Signed) G. F. Vella."

The information alleged that the note was of the value of six hundred dollars in gold coin of the United States, and that it was the personal property of Vella.

Section 532 of the Penal Code defines the offense of obtaining money, property, etc., by false pretenses; and that section, in so far as it is pertinent to the facts of the present case, reads as follows: "Every person who knowingly and designedly, by any false or fraudulent representation or pretense, defrauds another person of . . . property, . . . whether real or personal, . . . is punishable in the same manner and to the same extent as for the larceny of the . . . property so obtained."

An evidence of debt is personal property. (Pen. Code, sec. 7, subd. 12.)

Admittedly a promissory note in the hands of the payee or any other person than the maker, is an evidence of debt, and, as such, is personal property which may be the subject-matter of the offense of obtaining property by false pretenses. (*People* v. *Summers,* 115 Mich. 537, [73 N. W. 819] ; *People* v. *Skidmore,* 123 Cal. 267, [55 Pac. 984] ; *People* v. *Reed,* 70 Cal. 529, [11 Pac. 676].) While the information in the present case avers that Vella, the complaining witness, was induced by certain false pretenses to make and deliver to the defendant the promissory note set out in the information, nevertheless it is apparent from an inspection of the note itself that the defendant alone was the maker, and that Vella was merely an indorser. Therefore, in so far as ownership was concerned, Vella had no interest in the note, and when read and construed in its entirety it is apparent that the information charges the defendant with nothing more than procuring Vella's indorsement of the note by false pretenses. That this was the purpose and intent of the information was admitted by the attorney-general upon the oral argument of the case here. Neither the note nor the indorsement thereon had any legal existence until delivered to and accepted by the payee. (Randolph on Commercial Paper, sec. 216, p. 397; *Clark* v. *Sigourney,* 17 Conn. 511; *Dann* v. *Norris,* 24 Conn. 332; *Mott* v. *Smith,* 2 Cranch, C. C. 33, [Fed. Cas. No. 9882] ; *Cook* v. *Litchfield,* 9 N. Y. 279.) Consequently Vella's indorsement of the note was not an evidence of debt while the note remained in the hands of the defendant.

This being so, it is apparent upon the face of the informa-tion that the subject-matter of the alleged false pretenses, viz., Vella's indorsement, was not property within the meaning of section 532 of the Penal Code.

The case of *People* v. *Nesbitt*, 102 Cal. 327, [36 Pac. 654], neither holds nor hints that a promissory note which has not passed from the hands of the maker, may be the basis of a charge of obtaining property by false pretenses. In that case the information charged that the complaining witness was in-duced by the false pretenses of the defendant to execute and deliver jointly with the defendant to the Bank of Chico as payee, a promissory note, and thereupon the bank paid to the defendant the sum called for in the same. The supreme court, in commenting upon the sufficiency of the indictment, stated in effect that in view of the complicated nature of the facts of the transaction out of which the charge of obtaining prop-erty by false pretenses arose, the alleged ambiguities and un-certainties of the information would have been avoided by "a direct allegation in the information charging the defend-ant with having defrauded Merry (the complainant) of his note, and then the statute defining the offense here charged would have been literally followed." Nothing that the court said in the case last cited is inconsistent with the conclusion reached here. There the court evidently was dealing only with alleged uncertainties of the information and not with the sufficiency of the facts, and therefore it cannot be said that the case is authority for the proposition that the information would have been sufficient without an allegation that the note involved in the transaction had been delivered to and accepted by the payee.

The case of *People* v. *Stone*, 9 Wend. (N. Y.) 183, is strongly relied upon to support the people's contention that it was not necessary for the information in the present case to allege that the note in question with Vella's indorsement thereon had been actually negotiated. That case, in so far as the principal point there decided is concerned, has no application to the facts of the present case. There under a statute which made it a crime "to obtain the signature of any person to any written instrument," the defendant was charged in an indict-ment containing three counts with obtaining the promissory note of one Filly, and his indorsement to three other promis-sory notes. The court in discussing objections to the indict-

ment, said: "The first and second counts of the indictment expressly aver that Filly was charged as indorser upon the notes mentioned therein and which it is alleged he was induced to indorse by false pretenses of the defendant, and that he had been obliged to pay and had actually paid the same. Filly could not have been charged as an indorser *unless the notes had been negotiated* (italics are ours) ; and their payment by him, whoever was the holder at the time must have been for the use and benefit of the defendant for whose accommodation they were indorsed. The third count does not show that Filly ever paid the notes mentioned therein, or that Stone (the defendant) ever parted with them or put them in circulation, or that Filly ever suffered any inconvenience or loss in consequence of having signed them. For aught that appears they may have been immediately destroyed by Stone, or restored to Filly, or may now be in the hands of Stone, where they are incapable of being used to the prejudice of any of the parties to them. Our Revised Statutes . . . make it an offense in express terms to obtain the signature of any person to any written instrument by any false pretense, with intent to cheat or defraud another. Under this statute the offense is complete when the signature is obtained if it were obtained by false pretenses and with a fraudulent intent, although it may never be used to the prejudice of any person; but whether a note, where no use of it has been made, can be considered either as money or goods or chattels or a valuable thing may be questionable. It is, however, not important in this case as the objection has not been shown to exist in relation to the other two counts; and if any one count is good it is sufficient. That a note obtained by false pretenses and with a fraudulent intent, and which a party has actually used for his own benefit, is embraced within the spirit of the act as it stood before the Revised Statutes, I have no doubt." It will thus be seen that in the case last cited the court doubted that a promissory note not used could be considered as within the category of money, goods, chattels, or valuable things, and inferentially held that an indorser of a promissory note could not be charged as such unless the note had been actually negotiated. To this extent at least the case under discussion frustrates rather than fortifies the contention of the people here. That the point upon which the indictment in the case last cited was held to be good can have no application to the statute of this state under which

the information in the present case was drawn, is made manifest by the recital in the opinion that the indictment was founded upon a statute making ''it an offense in express terms to obtain the signature of any person to any written instrument by any false pretense with intent to cheat or defraud another.'' If there be any doubt as to the scope and effect of the opinion in the case last referred to, that doubt is relieved by a consideration of the case of *People* v. *Genung,* 11 Wend. (N. Y.) 19, [25 Am. Dec. 594], where the same court, in an opinion by the same justice, said: ''It was suggested upon the argument that the indictment was bad in not charging loss or prejudice to have been sustained by Conroy (the signer of the note). This was not necessary. This is a new offense created by the Revised Statutes. They have added to the statute as it stood before the obtaining by false pretenses of the signature of any person to any written instrument. The offense is complete when the signature is obtained by false pretenses with intent to cheat or defraud another. It is not essential to the offense that actual loss or injury should be sustained. This was held in the case of *People* v. *Stone,* 9 Wend. (N. Y.) 190. That case arose before the Revised Statutes . . . The offense charged was the obtaining of the indorsement of one Filly upon several notes by false pretenses. It was held that such indorsement, where the note actually passed and was made productive, was to be considered as money, goods, or chattels or other effects within the meaning of the act; but I expressed a doubt whether a note thus obtained, where no use had been made of it, would be considered either money, goods, or chattels or a valuable thing; but I also observed that under the Revised Statutes the offense was complete when the signature was obtained.''

The case of *Bargie* v. *United States,* 30 Fed. Cas. No. 18,229, cannot be considered as an authority to support the sufficiency of the information in the present case. There the offense charged was founded upon an act of Congress which penalized the procurement by false pretenses of any instrument in writing for the payment of money or other valuable thing. In that case the second count of the indictment charged that the defendant by false pretenses procured the indorsement of the complainant of a sight draft drawn by the defendant upon a third party, and the court held that such an indorsement was an instrument in writing within the meaning

of the statute under which the indictment was drawn, and that therefore it was immaterial to the completion of the offense charged whether or not the indorser was ever called upon to meet the obligation of the indorsement. This conclusion and the reasoning upon which it is based cannot in our opinion be applied to section 532 of the Penal Code, which limits the subject-matters of the offense charged against the defendant to "money, labor, or property."

Our examination of the remaining cases cited in support of the information discloses the fact that the decision in each instance was based upon the interpretation and application of statutes which, in defining the offense of fraud by false pretenses, cover and control the procurement of a signature to an instrument in writing or a valuable thing.

The judgment appealed from is affirmed.

Richards, J., and Kerrigan, J., concurred.