[Crim. No. 653.   First Appellate District.—January 12, 1917.]

## THE PEOPLE, Respondent, v. HERMAN H. RIPPE, Appellant.

CRIMINAL LAW—OBTAINING MONEY BY FALSE PRETENSES—SIGNING OF PROMISSORY NOTE—INFORMATION—FAILURE TO ALLEGE DELIVERY— AMENDMENT—LACK OF PREJUDICE.—An information charging that the defendant willfully and knowingly, by certain false and fraudulent representations, induced certain parties to sign a promissory note payable to a bank in a certain sum, and that they were thereby defrauded, damaged, and prejudiced, without any allegation or attempted allegation that the note had ever been delivered to the payee, does not state facts sufficient to constitute a public offense, but it is nevertheless an attempt to charge the crime of obtaining money by false pretenses, and there is no error in permitting the district attorney to file an amended information alleging delivery, as the amendment does not operate to charge the defendant with an offense different from that charged in the original information.

ID.—IMPEACHMENT OF DEFENDANT—GENERAL REPUTATION FOR TRUTH— EVIDENCE—WHEN PERMISSIBLE.—Where in such a prosecution the defendant takes the stand as a witness in his own behalf, it is not error to permit the district attorney to call and interrogate witnesses concerning the general reputation of the defendant for truth, honesty, and integrity.

ID.—MEANINGLESS INSTRUCTION — PROPER REFUSAL.—A requested instruction is rightfully refused where it was conceded upon the oral argument of the case that the same was so ambiguous as to render it a defective statement of the law.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order denying a new trial. George E. Church, Judge.

The facts are stated in the opinion of the court.

D. T. Winne, J. O. Traber, and A. Ellenburg, for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

LENNON, P. J.—The information originally filed against the defendant in this case attempted to charge him with the crime of felony, viz., obtaining money by false pretenses. The charging part of the information in substance alleged that the defendant willfully and knowingly, by certain false and fraudulent representations, induced certain parties to sign a promissory note, payable to the Farmers' National Bank of Fresno, in the sum of $250, and that they were thereby "defrauded, damaged, and prejudiced." It will be noted that the information did not allege, nor attempt to allege, that the note in question had ever been delivered to the payee. No demurrer, however, was interposed to the information, and upon his arraignment the defendant pleaded "not guilty." When the case came on for trial, and before the impanelment of the jury, the district attorney called the attention of the trial court to the fact that the information failed to allege that the defendant had actually obtained possession of the note which was the subject matter of the alleged false pretenses, and thereupon asked leave to file an amended information, which would cure the obvious defect in the original information, by an additional allegation to the effect that the note in question when signed was delivered to the defendant, and by him in turn delivered to the payee therein named. The application to thus amend was resisted upon the ground that the proposed amendment would operate to charge the defendant with an offense different from that charged in the original information, and not shown by the evidence taken at the preliminary examination, and therefore in contravention of the provisions of section 1008 of the Penal Code. Upon the overruling of this objection the amended information was filed, and upon his arraignment the defendant again pleaded "not guilty," with the privilege of later withdrawing his plea and interposing a demurrer if his counsel deemed such a course advisable. The case was then continued for trial to a day and date satisfactory to counsel for the defend-

ant, and ultimately came to trial with no demurrer interposed, and the plea of "not guilty" still standing.

Upon his trial the defendant was convicted, and he appeals from the judgment and from an order denying a motion for a new trial.

That the evidence is sufficient to support the judgment and verdict is not disputed, and the only points urged for a reversal are that the court erred in permitting the amended information to be filed and in refusing a certain requested instruction.

While the information as originally filed did not state facts sufficient to constitute an offense known to the law (*People* v. *Cassou,* 27 Cal. App. 23, [148 Pac. 810]), nevertheless it did attempt to charge the crime of "obtaining property by false pretenses," and the amended information did no more than show by a proper allegation that the note which was the subject matter of the false pretenses had become "property" within the meaning of section 532 of the Penal Code, which defines the offense of obtaining property by false pretenses. (*People* v. *Cassou,* 27 Cal. App. 23, [148 Pac. 810]; Penal Code, sec. 7, subd. 12.) Obviously, therefore, the amended information did not charge an offense different from that attempted to be charged in the original information, which was admittedly founded upon the evidence taken at the preliminary examination, and consequently the filing of the amended information neither prejudiced the defendant nor contravened the provisions of section 1008 of the Penal Code.

The contention that the trial court over objection permitted evidence of the generally bad reputation of the defendant in the absence of an endeavor on his part to establish in evidence his general good reputation, is not sustained by the record, which in this behalf shows that solely for the purpose of impeaching the testimony of the defendant, who took the stand as a witness in his own behalf, the district attorney called and interrogated several witnesses concerning the general reputation of the defendant for "truth, honesty, and integrity." Ordinarily it is the rule that the good character of a defendant is presumed, and cannot be impaired by evidence to the contrary unless the defendant elects, and is permitted in the first instance, to put it in issue by introducing evidence of good character in aid of the presumption (*People* v. *Fair,* 43 Cal. 137, 149); but that rule has no application where the

defendant, as he did here, offers himself as a witness, for he then puts in issue his character for truth, honesty, and integrity, and thereby subjects himself as a witness "to the same rules for testing his credibility before the jury by impeachment or otherwise as any other witness." (Code Civ. Proc., sec. 2051; *People* v. *Arnold,* 116 Cal. 682, [48 Pac. 803].)

The requested instruction which was refused by the trial court was, in so far as it correctly stated the law, covered by the charge of the court, and conceding that the defendant was entitled upon request to an instruction upon the subject matter not covered by the charge of the court, nevertheless it was conceded upon the oral argument of the case that the requested instruction which attempted to cover that particular subject matter was so ambiguous as to render it a defective statement of the law and meaningless. This being so, it was rightfully refused. (*People* v. *Carroll,* 92 Cal. 568, [28 Pac. 600].)

The judgment and order appealed from are affirmed.

Richards, J., and Kerrigan, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on February 10, 1917, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 12, 1917.