[Crim. No. 1588. Second Appellate District, Division One.— March 29, 1928.]

THE PEOPLE, Respondent, v. CLIFTON SEWALL, Jr., Appellant.

M. H. Broyles for Appellant.

U. S. Webb, Attorney-General, and Emery F. Mitchell, Deputy Attorney-General, for Respondent.

HOUSER, J.—Defendant appeals from a judgment of conviction and from an order denying his motion for a new trial as to each of two counts in an information in which he was charged respectively with the commission of the crime of grand larceny and the crime of obtaining money by false pretenses.

The principal point relied upon by appellant as to the charge of grand larceny, in substance, is that the evidence was insufficient to sustain the verdict. The gist of the allegation in the count of the information by which defendant was charged with the commission of the crime of grand larceny was that he stole "two deeds of real estate of the value of $2,000.00." With respect thereto the evidence showed that the prosecuting witness was seventy-seven years of age, totally blind in one eye and the vision so impaired in the other that, as stated by him, "when I go to make a letter, or sign anything, I have to touch the paper before I can start a letter." Both he and defendant were interested in helping to finance the buying of a steamship for the Liberia Steamship Company. He testified in substance that in a conversation between him and defendant, it was agreed that the prosecuting witness would pledge his real estate for the sum of $2,000 as "security for the people that wants to finance"; and to that end, without reading it, but trusting in the honor of defendant, he signed an instrument which, according to his testimony, he thought was a contract to the effect that "the property to come back to me in a certain length of time if the money ain't got up. . . . My contract was to sign $2,000 worth of property, of my property, and he $2,000 worth of his property up for security to get $4,000, and the people of San Pedro was to get up the other $1,000, which would make $5,000, and we would be able then to take the ship over and go to work. That was the understanding."

As a matter of fact, instead of a contract or anything of that nature which was signed by the prosecuting witness, he executed and delivered to defendant the two deeds to which reference is had in the information. Thereafter, without authorization from the prosecuting witness so to do, defendant conveyed to certain other persons the real prop-

erty described in the deeds which he had received from the prosecuting witness.

It is contended by appellant that, inasmuch as defendant was the grantee named in each of the two deeds, and that as they were executed by the prosecuting witness and delivered by him to defendant, so far as such deeds were concerned, the crime of larceny was not shown to have been committed.

The case of *People* v. *Dadmun*, 23 Cal. App. 290 [137 Pac. 1071], is cited by appellant to sustain his position. The prosecution of that action, like the one at bar, depended upon the provisions of section 492 of the Penal Code, which provides that:

"If the thing stolen consists of any evidence of debt, or other written instrument, the amount of money due thereupon, or secured to be paid thereby, and remaining unsatisfied, or which in any contingency might be collected thereon, or the value of the property the title to which is shown thereby, or the sum which might be recovered in the absence thereof, is the value of the thing stolen."

In the Dadmun case the defendant was charged with grand larceny in that he stole a deed wherein he was named as grantee, "which deed, if properly delivered, was sufficient in form and substance to convey to defendant the title . . . to the property described therein, . . . " That case was decided on the point that the deed not having been delivered to anyone for the benefit of the grantee, amounted to nothing and did not measure up to the requirement of the statute as a "written instrument." The facts in the instant case are distinguishable from those in the Dadmun case in that herein physical delivery of the deeds occurred. The opinion in the Dadmun case contains the statement that—

"If the deed was delivered, and respondent insists that such fact is implied from the allegation that it 'showed and conveyed title to the real property therein described,' then of course no offense is charged."

The salient fact in the case of *Stubbs* v. *Abercrombie*, 42 Cal. App. 170 [183 Pac. 458], was that the deed had been actually delivered for the use of the grantee therein named. Through what by the court was termed "legerde-

main,'' the attorney-in-fact of the grantee so manipulated the transaction pending between the parties that the grantor was defrauded of her property and the attorney-in-fact, who had sold the property, received its value. As affecting the point here at issue, it was held that a criminal complaint which accused the defendant of stealing a deed of a stated value charged the commission of a public offense.

The facts in the instant case, as testified by the prosecuting witness, show that the delivery of the deeds by him to the defendant was induced by misrepresentation by defendant as to the nature, purpose and effect of the two instruments in question. It thus appears that defendant procured the two deeds from the prosecuting witness by means of fraud or by methods akin to trick and device, and the fact that defendant was named as grantee in each of the deeds did not have the legal effect of constituting him the owner of the deeds or the property therein described. If such acts on the part of defendant amounted to larceny, then the ownership of the deeds did not pass from the nominal ''grantor,'' and there was no delivery. The theory of larceny as applied to such cases is that the defrauded party did not consent to delivery, and that the act of taking by the guilty party was a larceny because it was a taking without any real consent of the owner. But all of this assumes the existence of property that can be the subject of larceny. Before a written instrument can be the subject of larceny it must have some value. Before it can be the subject of grand larceny (unless ''taken from the person of another'') it must have a value of at least $200. (Pen. Code, sec. 487, subd. 1.) But according to *People* v. *Dadmun, supra,* an undelivered deed is not ''a written instrument'' within the meaning of those words as used in section 492 of the Penal Code. From this it follows that ''the stealing of the deed was merely the unlawful taking of an article having no value other than that of the paper and labor performed in writing thereon.'' The decision to which we refer discusses the proposition more at length—which we need not do here.

Whatever other crime the facts may establish against the defendant, they are not sufficient to prove grand larceny. For the very facts relied upon to prove the stealing leave the deeds worthless.

Presumably the new definition of larceny and other similar crimes, by the 1927 amendment of section 484 et seq., of the Penal Code [Stats. 1927, p. 1046], designating all of the described offenses as "theft," is intended to prevent failures in prosecutions of which this case is an example. But as this case arises under the older law, we may not at this time consider the effect of said amendments.

It is next urged by appellant that the evidence was insufficient to support the verdict against defendant on the charge that he feloniously obtained money by false pretenses,—his point being that the prosecuting witness lent to defendant the sum of $275 for which defendant gave her his promissory note and which transaction did not constitute a public offense. The facts, however, as testified by the prosecuting witness, and which of course the jury had a right to believe, were that she was induced to and did lend the money to defendant on his representation to her that he would give her "some paper on two lots" that were "absolutely clear . . . nothing against them"; and that defendant did give her a promissory note which purportedly was secured by a mortgage on the lots to which defendant referred. The property described in the mortgage was lots 12 and 14, block "A," of a certain tract. The evidence showed not only that the tract in question contained no block "A," but that, as well, at the time the note and mortgage in question were executed by defendant lots 12 and 14 of block *seven* of the specified tract had theretofore been conveyed by a deed of trust by defendant to a third person as security for an indebtedness of defendant amounting to the sum of $600. It is therefore clear that the verdict was amply supported by the evidence.

In support of his claim that the evidence was insufficient to sustain the verdict, appellant has cited several authorities. An examination of them, however, fails to convince this court that any of them is in point so far as the situation hereinbefore outlined is concerned.

The judgment and the order denying defendant's motion for a new trial, as they affect that count in the information by which defendant was charged with the commission of the crime of grand larceny, are and each of them is reversed. As to that part of the judgment and the order

denying defendant's motion for a new trial on the charge contained in the information by which defendant was accused of the crime of obtaining money by false pretenses, the judgment and such order are affirmed.

Conrey, P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on April 23, 1928, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 28, 1928.

All the Justices present concurred.