[Crim. No. 1785. Second Appellate District, Division One.—September 12, 1929.]

THE PEOPLE, Respondent, v. E. GERTRUDE JONES, Appellant.

Max Schleimer and Cooper & Collings for Appellant.

U. S. Webb, Attorney-General, John L. Flynn, Deputy Attorney-General, and Warner I. Praul for Respondent.

YORK, J.—As summed up in the supplemental opening brief of defendant and appellant, E. Gertrude Jones, in what she calls conclusions, the questions raised by appellant, particularly when they are closely analyzed, amount to not much more than a contention that an escrow agreement is not a document subject to forgery. At least that is the interpretation that we put upon the so-called conclusions, which are set forth in one paragraph, as follows:

"Conclusions: It is respectfully submitted that the indictment does not state a public offense, for the reason that escrow instructions is not enumerated in section 470 of the Penal Code, and is not one of the documents which is subject to forgery; that escrow instructions is not a contract within the meaning and purview of that section; that each act enumerated in that section constitutes a separate and distinct offense; that each count in the indictment contains

five separate and distinct offenses, and should have been pleaded in separate counts, and it was therefore illegal to try and convict appellant for five separate and distinct felonies contained in each count; that the indictment charged that appellant's entire escrow instructions was false, forged, altered and counterfeited, whereas, the proof tended to show that a clause was added therein, and, therefore, there was a material variance between the allegations of the indictment and the proof, which affected appellant's substantial right; that there is no proof that appellant typed in the clause in her escrow instructions after she signed them, and that constituted a total failure of proof of the offenses charged, and appellant was entitled to the instruction advising the jury to acquit her on that ground; that the inclusion of the clause in appellant's escrow instructions, without previous express oral agreement with the sellers and the latter's failure to notice the clause therein did not constitute forgery on the merits, and for that reason the court should have advised the jury to acquit appellant; that the instruction given that if the jury believed that defendants uttered, published or passed as true and genuine the escrow instructions in any count, they should find such defendant guilty upon that ground, was erroneous, because the alleged offenses were improperly pleaded and the instructions given did not include the essential elements; that the instruction given that if the jury believed that *defendants aided and abetted in uttering, publishing, or passing as true and genuine* the escrow instructions in any count, they should find such defendant guilty upon that ground, should not have been given, for the reason the indictment did not charge the appellant with the commission of that offense; that instructions 22, 23, 24, 25 and 27 regarding conspiracy should not have been given, because the indictment did not charge appellant with that offense, and there was no evidence that appellant conspired to commit the offense charged in the indictment; that the instruction that a set of escrow instructions is considered and construed together as a contract was erroneous, for the reason that section 470 of the Penal Code does not enumerate escrow instructions, and such instruction is not a contract within the meaning and purview of that section; that instruction 33, to the effect that if the defendant Ruline

inserted the clause at appellant's instigation, without the knowledge of the seller, constituted forgery, should not have been given, because that would at most constitute a false clause, which does not constitute forgery as a matter of law; that the judgment is contrary to law, because the undisputed physical facts show that appellant did not forge any of the escrow instructions, and for that reason the court should have advised the jury to acquit appellant upon the merits, and the rulings of the trial court were inconsistent. The judgment and order appealed from should be reversed, the indictment dismissed, and appellant discharged from imprisonment.''

The instructions complained of, which defined conspiracy and which stated just how far the acts of each conspirator bind the remaining conspirators, and the instruction that states how far their declarations are admissible against the rest of the conspirators, are, we think, correct and were properly given in this case, for the reason that the defendant Jones is jointly charged with two other defendants with the commission of the crimes alleged to have been committed, although she is the sole appellant before this court. She was not charged with conspiracy to commit a crime, and she was not found guilty of the crime of conspiracy.

From appellant's opening brief and from said supplemental brief of defendant and appellant and from the appellant's reply brief, we glean no more objections to the judgment of conviction than set forth in the foregoing ''Conclusions.'' In this case, the evidence clearly shows that the appellant, E. Gertrude Jones, took advantage of each of the persons defrauded or sought to be defrauded in each of the matters set forth in the counts of the indictment, upon which she was convicted, except possibly on the five counts 2, 5, 8, 10 and 11, upon which the court granted her a new trial. The court sentenced her on seven counts, namely, 3, 4, 6, 7, 9, 12 and 13, and judgment was entered on said counts that she be imprisoned in San Quentin as prescribed by law. The court at the time of sentence dismissed counts 2, 5, 8, 10 and 11 and this appeal is taken by her from such judgment of conviction and from the order denying her motion for a new trial. If all of the evidence connecting defendant Jones with the charges

against her was set forth in the supplemental opening brief of defendant and appellant E. Gertrude Jones, it would require a much more elaborate discussion of the points involved. However, that is not the fact. There are only certain parts and portions of the evidence alleged to be against said defendant set forth in said supplemental brief, but we have had to take all of the evidence as shown by the transcripts in order to determine what the evidence really was. ■ The contention of appellant (which seems to be the main contention, in that it is more or less interwoven with all of her objections), that the escrow instructions are not contracts and that such an instrument is not one of the instruments susceptible of being forged, is not worthy of any further discussion, as it was a contract actually acted upon and the deals each were consummated in accordance with the altered escrow instructions. ■ However, objection is also made by appellant that the insertion of certain changes in the escrow instructions would not make such escrow instructions as altered a forged instrument. The cases cited by appellant have no bearing whatsoever upon a case of this kind. The entire object of the appellant was apparently centered around and her fraud was entirely perpetrated by the insertion of the particular clauses inserted in the escrow instructions or contracts without the knowledge and after the signature of each of the parties defrauded had been obtained to each of the escrow instructions. All the damage done to the innocent parties to the transaction was caused by the insertion of this portion of the escrow instructions and the completion of the deals or escrows and the transactions therein provided for, as set out in the escrow in its altered state. The entire instrument, as so altered, was not an instrument that would have been signed by any of the persons defrauded, if they had been in their right minds, unless they had been entirely uninformed as to business matters and did not know the difference between first and second encumbrances or liens on property.

The contention of appellant that these parts and portions of the contract claimed to have been inserted, were as a matter of fact in the contracts or escrows at the time the escrows were made, is not borne out by the evidence taken as a whole, and can only be read into the evidence by taking

isolated and fragmentary portions of the evidence by itself, which the jury evidently did not do.

We can see no merit in any point raised by appellant.

The judgment and order appealed from are affirmed.

Houser, J., concurred in the judgment.

CONREY, P. J., Concurring.—I concur in the judgment. It may be that a single escrow instruction, made by one party, is not a contract. But where such instruction is accompanied by another instruction given by the other party, and the two documents are intended to and do contain the complete terms of a single transaction, they constitute a written contract, and a contract so written, is capable of forgery.

The instructions concerning the law of conspiracy were appropriate in this case, in order to make clear the principle that although appellant did not actually commit, with her own hand, the act of forging the instruments, she was responsible as a principal, if the forgeries were committed by another person with whom appellant had conspired for the accomplishment of the felonious acts described in the indictment.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 24, 1929, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 7, 1929.

All the Justices present concurred.