[Sac. No. 4231. In Bank.—November 22, 1930.]

J. D. GRIEVE, Appellant, v. PAT MULLALY et al., Respondents.

Hudson Grant, A. G. Bailey and Grant & Bailey for Appellant.

C. D. McComish for Respondents.

WASTE, C. J.—On the twenty-first day of August, 1926, the two defendants signed and delivered to plaintiff a writing in the following form:

"Davis, Cal. 8/21/26.

"We the undersigned, known as John Mullaly and Pat Mullaly of Arbuckle, parties of the 1st part and J. D. Grieve of Davis, Cal. party of the second part, to-wit:—We Mullaly Bros. parties of the 1st part agree to lease for a period of 3 years with privilege of one more year, all our land west of Arbuckle about 5000 acres in all for price of 65 cents

per acre per year to J. D. Grieve of Davis Cal. We also agree to sell to J. D. Grieve all our cattle now pasturing on above described ranch price per head as follows:

Cows 30.00 each     Calves     20.00 each

"All yearlings & two year old Heifers & Steers a. 27.50 Each.

"This option will not expire before Sept. 15/1926.

"10 head of cattle to be cut out by party of second and price agreed on by Buyer & Seller.

"(Signed)     PAT MULLALY.

"JOHN MULLALY."

In legal effect, the writing was no more than an offer unsupported by consideration.

The evidence shows that on September 1st, fifteen days before the expiration date of the option, and before it was revoked by defendants, it was accepted by Grieve in so far as it applied to the cattle. Before September 1st, Grieve had sold all of his rights under the option to a lease of the realty to one D. Q. Adams, under a proposition, whereby Adams, when he consummated the lease with defendants, was to pay Grieve thirty-five cents an acre profit. The evidence likewise shows that on September first Adams tendered to defendants a check for $500 as part payment on the lease, and likewise tendered to defendants for their signatures a formal lease naming Adams as lessee. The defendants refused to sell the cattle or to enter into the Adams' lease. Grieve thereupon brought this action, framing his complaint in two counts. The first cause of action was for damages sustained by virtue of defendants' refusal to lease the land, and the second cause of action was for the damages sustained by virtue of defendants' failure and refusal to sell the cattle. The court, sitting without a jury, after evidence had been adduced substantially as set forth *supra,* entered its judgment in favor of the defendants on the first cause of action, and in favor of plaintiff on the second cause of action. Each party appealed from so much of the judgment as was adverse to him. The appeal of the defendants was subsequently dismissed on motion of the plaintiff. We are now concerned only with the decision of the trial court with reference to the lease.

The result reached by the trial court is undoubtedly correct. The writing of August 21st in no way bound Grieve, and, being unsupported by consideration, it in no way bound defendants until accepted. It amounted to an offer to Grieve to enter into the two contracts any time before September 15, 1926. It is elementary that an offer may be revoked any time before acceptance, and this rule applies in cases where the offer states, as it does here, that it shall remain open for a designated period. (Civ. Code, sec. 1586; 6 Cal. Jur. 51, sec. 29.) ██ It is equally elementary that an offer to contract is not assignable, it being purely personal to the offeree. ██ In this case the offer was made to Grieve. The evidence does not disclose any acceptance by him. Adams attempted to accept the offer, not as the agent or representative of Grieve, but in his own right. This is conclusively shown by the fact that Adams tendered to the Mullalys a lease for their signatures, naming him, Adams, as lessee. This was not an acceptance of the offer made to Grieve. The evidence is likewise clear that at the time Adams made his purported acceptance, defendants, in the presence of Grieve, clearly revoked the offer that had been made to Grieve. This, as we have seen, defendants had a legal right to do.

The judgment is affirmed.

Langdon, J., Curtis, J., Preston, J., Richards, J., Shenk, J., and Seawell, J., concurred.