[Civ. No. 7841.  Fourth Dist.  Feb. 9, 1965.]

WILLIAM BUCK, Petitioner, v. THE SUPERIOR COURT
OF ORANGE COUNTY, Respondent; THE PEOPLE,
Real Party in Interest.

Trope & Trope and Sorrell Trope for Petitioner.

Kenneth Williams, District Attorney, George J. Jeffries, Joseph A. Dickenson and Michael Capizzi, Deputy District Attorneys, for Respondent and Real Party in Interest.

FINLEY, J. pro tem.*—Petitioner was arrested and charged with two counts of theft, in violation of Penal Code, sections 484 and 487. A preliminary hearing was held in the Municipal Court, Anaheim-Fullerton Judicial District, which hearing resulted in petitioner being held to answer in respondent court. An information was filed therein by the District Attorney of Orange County, charging petitioner not only in two counts with theft, in violation of sections 484 and 487 of the Penal Code, but, in addition, also in two counts, with violation of Penal Code, section 470 (forgery). Peti-

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

tioner moved respondent court to set aside the information pursuant to the provisions of subdivision 2 of Penal Code, section 995, to wit:

"That the defendant had been indicted without reasonable or probable cause."

This motion was denied and the case was set for trial. Petitioner seeks from this court a writ of prohibition "demanding said court to desist from any further proceedings in said action."

■ Petitioner is an aluminum siding salesman. The charges here arose out of two separate sales of siding made by him. One sale was to a Mr. and Mrs. May, the other to a Mr. and Mrs. Whorley. In each sale, petitioner is alleged to have produced for signature of the parties a sheaf of forms consisting of a white top copy, under which there was a pink copy and a yellow copy, all separated by carbon paper. The fourth and bottom paper, apparently a deed of trust form, was not separated from the third (yellow) copy by carbon paper. The top sheet contained the caption, "Lien Contract" and "Do Not Record." Just below this, in bracketed bold type, appears, among other admonitions, the following: "Notice to the buyer: (1) Do not sign this agreement before you read it or if it contains any blank space." Below this, in smaller type in the body of the instrument, appears this language: ". . . in addition to any other right or remedy given to the holder hereof, the undersigned hereby grants to the holder hereof a deed of trust to the above described real property as security for the faithful performance of his, her or their obligation under this contract."

From testimony in the record, the truth of which we must assume for purposes of this decision, it appears that the question of the obligations being secured by deeds of trust on the respective properties was discussed by petitioner with the Mays but not with the Whorleys. The Mays told petitioner that they wanted no mortgage or trust deed encumbering their property and they received petitioner's assurance that there would be none. The Whorleys were not advised that they were signing a deed of trust or that a deed of trust would be recorded against their property. The matter was not discussed by petitioner with the Whorleys. It seems, however, that after the Mays and the Whorleys had signed on the top sheet of their respective "Lien Contracts," petitioner pushed the bottom of the top three sheets up, exposing only the bottom of the fourth or last sheet which the parties were

asked by petitioner to sign and did sign without seeing what appeared thereon above their signatures. It is charged that this last sheet was a deed of trust, the blanks of which had not been filled in at the time but were subsequently filled in by typewriter after the victims had been tricked into signing them, whereas the blanks on the lien contract forms were filled in in handwriting at the time of the signing.

Respondent court and the People of the State of California, the latter being real party in interest, maintain that the method above-outlined of obtaining the Mays' and Whorleys' signatures to the respective deeds of trust constitues not only a violation of Penal Code, section 484, defining theft, but also constitutes ''forgery,'' in violation of Penal Code, section 470.

■ Petitioner argues that he was not charged with forgery prior to the preliminary hearing, but that said charge appeared for the first time in the information filed in respondent Court. However, section 739 of the Penal Code provides that a defendant may be charged in the information with ''any offense or offenses shown by the evidence taken before the magistrate to have been committed.'' Said offense need not have been charged in the complaint or designated in the order of commitment. (*People* v. *Griffin,* 106 Cal.App.2d 531 [235 P.2d 424].) He maintains also that ''there is absolutely no evidence in the transcript of the commission of the offense of forgery . . .''

Petitioner denies that he tricked the alleged victims into signing the deeds of trust, but places no emphasis on any claim that there is insufficient evidence in the record to legally support such a finding by the municipal court in binding the petitioner over. Petitioner does maintain, and places much emphasis on the point, that even though he should admit for the sake of argument that the alleged victims were tricked into signing the deeds of trust, this would not constitute theft under the provisions of Penal Code, sections 484 and 487, for the reason that the instrument itself, which was the object obtained through the trickery, has no ascertainable intrinsic value within the meaning of those code sections. As the proposition is stated by the petitioner: ''The scope of this Memorandum deals with the topic of whether a deed of trust given to secure a just debt or obligation has a value other than a mere intrinsic value, and more particularly whether such a deed of trust has an ascertainable extrinsic value within the meaning of California Penal Code Sections 484 and 487.''

It is admitted by petitioner, solely for the sake of resolving this problem, that execution and delivery of the respective deeds of trust were obtained by petitioner through false representation and trickery. The finding of actual fact is for the trial court if this position is denied and the matter is brought to trial.

Respondent concedes the value of the physical instrument itself is negligible and that ''obtaining a trust deed by false pretenses is not *grand* theft,'' but contends that ''one is guilty of theft by false pretenses who induces another to part with property (a written promise to pay money for aluminum siding) in reliance on a false representation (that the agreement to pay the money will be unsecured),'' does constitute theft. Respondent contends that, ''The crime is complete at the moment the purchaser contracts in reliance on the misrepresentation,'' and that ''It is immaterial that the victim receives what he bargained for and suffers no loss as a result of the transaction.''

Respondent's theory is set forth in the return to the petition, as follows: ''It is the theory of the People of the State of California that the actions and concealments of Petitioner in denying to victims in Count III and concealing from victims in Count I that there would be a trust deed recorded against victims' property as a result of their purchase of aluminum siding constitutes obtaining money by false pretenses in violation of Penal Code section 484 (Theft). This theory is supported by the evidence of the representations and concealments of defendant, and his actions in having the victims sign the bottom of a sheaf of papers as duplicate contracts when the bottom sheets were instead trust deeds.''

A deed of trust has no market or ascertainable value, apart from the obligation it secures. A trust deed merely hypothecates legal title and does not divest the trustor of his ownership in the property. (*Wyser* v. *Truitt*, 95 Cal.App. 727 [273 P. 147].) Where deeds to real property are obtained by fraud, there is no delivery or passage of title, and the deeds, being worthless, cannot be made the basis of a charge of grand theft. (*People* v. *Nye*, 96 Cal.App. 186, 190 [273 P. 837]; *People* v. *Sewall*, 90 Cal.App. 476 [265 P. 1040].) But here there was something more than an unauthorized taking of a written instrument. Under our facts, admitted for purposes of discussion, petitioner, by active misrepresentation and fraud in the one case and by concealment together with acts of active misrepresentation

in the other, induced the victims to incur legal obligations in the sums of $6,000 each. They changed their legal positions as a result of fraudulent acts of commission and omission on the part of petitioner.

In *People* v. *Bryant*, 119 Cal. 595, 597 [51 P. 960], defendant sold the victim a promissory note for $500 secured by a deed of trust falsely representing to the victim that the security was good tillable soil, the land of great value and sufficient as security for payment of the note. He was charged under section 532 of the California Penal Code with larceny. In reversing a judgment of the trial court sustaining a demurrer to the indictment, the court said: "If a person is induced to part with his property by reason of fraudulent pretenses and misrepresentations, he is thereby defrauded of the property so parted with, even though he may eventually make himself whole in some mode not then contemplated. It is not necessary to show that the property has been absolutely lost to him in order to sustain the charge. He is defrauded of his property when he is induced to part with it by reason of the false and fraudulent pretenses and representations, and the offense is complete when by means of such false pretenses the fraud thereby intended is consummated by obtaining possession of the property sought. . . . 'If the false pretense was among the means by which he obtained the valuable thing, he has committed the full crime the same as though no other influence combined therewith.' "

The debt obligation here is admitted by the victims in each instance and it is not claimed by respondent that any portion thereof has been collected by recourse to the deeds of trust. But such a showing is not essential to the commission of the crime. In *People* v. *Talbott*, 65 Cal.App.2d 654, 659 [151 P.2d 317], the court said: "It should be noted that the State of California is the plaintiff in a criminal action wherein the defendant is accused of an offense against the state. The victim is merely a witness whose ultimate financial gain or loss, in the circumstances, is immaterial. Financial loss is not a necessary element of the crime." (See *People* v. *Schmidt*, 147 Cal.App.2d 222 [305 P.2d 215].)

Petitioner has confined his attention and argument primarily to the obtaining of the deed of trust and the possible consequences of a criminal nature which the law may properly impose upon such conduct. But there is other evidence which, if true, could reasonably be interpreted as amounting to false representation of fact with intent to

defraud. Petitioner is charged with making certain false representations which induced the victims to sign the contract for installation of the aluminum siding by his employer, an instrument quite distinct and apart from the instrument which turned out to be a deed of trust signed in blank. With relation to the charge that petitioner fraudulently induced the victims to sign their respective contracts for installation of the aluminum siding, witness the following points and authorities.

It is not necessary in a prosecution for grand theft to prove that defendant benefited *personally* from the fraudulent act. (*People* v. *Jones,* 36 Cal.2d 373, 377, 381 [224 P.2d 353]; *People* v. *Ashley,* 42 Cal.2d 246, 259 [267 P.2d 271].)

While the false pretense or representation must have materially influenced the victim in parting with value, it need not be the sole inducing cause. (*People* v. *Chamberlain,* 96 Cal.App.2d 178, 182 [214 P.2d 600]; *People* v. *Ashley, supra,* page 259.) A single false representation is sufficient if it materially influenced the victim in parting with value. (*People* v. *Kassab,* 219 Cal.App.2d 687, 690 [33 Cal.Rptr. 494].)

A contractual obligation to pay money is properly subject to the theft statutes (*People* v. *Frankfort,* 114 Cal.App. 2d 680, 703 [251 P.2d 401]) and a written contractual obligation to pay in excess of $200 is property of value in excess of $200, as contemplated by the definition of grand theft (*People* v. *Frankfort, supra*).

Petitioner in his briefs has discussed in some detail the evidence in the record and has suggested limitations upon the inferences to be drawn from it. This court is but little concerned with such questions. In considering the propriety of a motion to set aside an information pursuant to Penal Code, section 995, or in considering a petition for a writ of prohibition ordering a trial court to desist from further proceedings based upon such a petition, the reviewing court may not substitute its judgment as to the weight of the evidence for that of the committing magistrate. If there is some evidence in support of the information, the court will not inquire into its sufficiency. (*People* v. *Flanders,* 140 Cal.App.2d 765, 768 [296 P.2d 13]; *Perry* v. *Superior Court,* 57 Cal.2d 276, 283 [19 Cal.Rptr. 1, 368 P.2d 529].) Reasonable and probable cause may exist although there may be some room for doubt (*People* v. *Nagle,* 25 Cal.2d 216, 222 [153 P.2d 344]; *Perry* v. *Superior Court, supra,* page 283) and: ''Although the magistrate, in reaching his decision, may

weigh the evidence, resolve conflicts, and give or withhold credence to witnesses, such a balancing of the evidence is not within the powers of a tribunal reviewing the magistrate's order." (*Perry* v. *Superior Court, supra,* pp. 283-284.) See also *People* v. *Jackson,* 146 Cal.App.2d 553, 556 [303 P.2d 767].)

As to the element of intent to defraud, petitioner argues that: ". . . nowhere has respondent shown that Petitioner was under a duty to verbally discuss the subject of the trust deed with the prospective buyers. It is hereby contended by Petitioner that the lien contract signed by the Whorleys speaks for itself, and that Petitioner was under no duty to verbally discuss the terms of the contract, but rather was entitled to assume that unless the terms of the contract were questioned, that the buyers understood said terms, and that this failure to discuss the matter of the trust deed with the Whorleys cannot be considered as a concealment of a material fact, nor can it be considered fraud."

This contention by petitioner apparently relates to the fact that under the heading "Terms of This Contract" appears the following sentence: "In addition to any other right or remedy given to the holder hereof, the undersigned hereby grants to the holder hereof, a deed of trust to the above described real property as security for the faithful performance of his, her or their obligation under this contract."

Petitioner also points to the statement in the contract that the buyer had read the contract and received a copy thereof. But intent to defraud is a question of fact to be determined from all the facts and circumstances of the case. It may be, and usually must be, inferred circumstantially. (*People* v. *Caruso,* 176 Cal.App.2d 272, 278 [1 Cal.Rptr. 428]; *Perry* v. *Superior Court, supra,* 57 Cal.2d 276, 285.) Whether there was or was not intent to defraud is not for this court to determine. Our function ends with a determination that from evidence in the record such an intent could reasonably be inferred.

Turning now to the two counts charging forgery, Penal Code, section 470, provides in part: "Every person who, with intent to defraud, . . . falsely makes, alters, forges, or counterfeits, any . . . deed, lease, indenture, writing obligatory, . . . or to let, lease, dispose of, alien, or convey any . . . lands, . . . or other estate, real or personal, . . . or . . .

passes, or attempts to pass, as true and genuine, any of the above named . . . knowing the same to be false, altered, forged, or counterfeited, with intent to prejudice, damage, or defraud any person . . . is guilty of forgery."

In *People* v. *Nesseth,* 127 Cal.App.2d 712, 719-720 [274 P.2d 479], the following statements appear: "That the correct rule is that the procuring of a genuine signature to an instrument by fraudulent representations constitutes forgery is supported by these well reasoned authorities: [citing many cases] . . .

"Likewise, the rule is established in California that alteration of a document without authority with the intent to defraud may constitute forgery and that such alteration may consist of the *insertion of matter in the document in question after it has been signed. (People* v. *McKenna,* 11 Cal.2d 327, 332 [79 P.2d 1065]; *People* v. *Jones,* 100 Cal.App. 550, 554 [280 P. 555].)" [Italics ours.]

Where a person who has no intention of selling or encumbering his property is induced by some trick or device to sign a paper having such effect, believing that paper to be a substantially different instrument, the paper so signed is just as much a forgery as it would have been had the signature been forged. (*Conklin* v. *Benson,* 159 Cal. 785, 791 [116 P. 34, 36 L.R.A. N.S. 537]; *Wright* v. *Rogers,* 172 Cal.App.2d 349, 362 [342 P.2d 447].) An encumbrance may be the subject of forgery. (*Conklin* v. *Benson, supra,* page 792.)

The crime of forgery is complete when one makes or passes an incorrectly named instrument with intent to defraud, prejudice, or damage, and proof of loss or detriment is immaterial. (*People* v. *McAffery,* 182 Cal.App.2d 486, 493 [6 Cal.Rptr. 333]; *People* v. *Morgan,* 140 Cal.App.2d 796, 800 [296 P.2d 75].) Whether the instrument forged has independent value is unimportant; the crime is complete when the act is done with the requisite intent.

From these cases and the quoted portion of Penal Code, section 470, it is quite apparent that evidence in the record of violation of the provisions of this section is ample to support the finding by the Municipal Court that ". . . a public offense has been committed, and there is sufficient cause to believe the defendant is guilty thereof. . . ." (Pen. Code, § 872.)

From the points and authorities discussed above, under the facts conceded here by petitioner for the sake of argument, and in the light of evidence in the record, the trial court

properly denied petitioner's motion to set aside the information as to all counts.

Petition for writ denied.

Coughlin, Acting P. J., and Brown (Gerald), J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied April 6, 1965.