[Crim. No. 2965.   Fourth Dist., Div. One.   Feb. 23, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. WARREN TED LAYMAN et al., Defendants and Appellants.

Roger A. Kander for Defendants and Appellants.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and H. Warren Siegel, Deputy Attorney General, for Plaintiff and Respondent.

COUGHLIN, J.—Defendants were convicted of the offense of grand theft; applied for and were granted probation; and appeal from the conviction. Defendant Layman was an estimator and defendant Perusse was a licensed inspector

employed by Countywide Termite Control, Inc., which was engaged in the business of repairing damage caused by and controlling termite infestation. On November 9, 1966 defendants obtained permission from Vera Wicker to inspect her residence for termite damage; purportedly conducted such an inspection; falsely reported to her the extent of alleged termite damage and the urgent need for extensive repairs; and obtained her signature to a writing entitled "Work Schedule" in which she agreed to pay Countywide Termite Control, Inc., $450 for designated work. The victim was so upset about the condition of her house as represented by defendants that she asked her son-in-law and a neighbor to inspect the allegedly infested area; found out from them the condition was not as represented by defendants; and thereupon telephoned the office of Countywide Termite Control, Inc., and cancelled the work order. The writing in question contained the following:

"This contract shall not be binding upon COUNTYWIDE TERMITE CONTROL, INC., until accepted by it at its home office." The "contract" never was accepted by the company. No work was performed. Defendants were charged with grand theft upon the claim they had obtained personal property from the victim by false representation and pretense.

Defendants seek reversal upon the grounds: (1) The evidence was insufficient to support the verdict; (2) the court erred in denying their motion to set aside the information under Penal Code, section 995, on the ground they were committed without probable cause; (3) the court erred in denying their motion for a continuance; and (4) misconduct of the trial judge in reading the report of the probation officer before ruling upon their motion for a new trial.

The attack upon the sufficiency of the evidence is threefold, to wit: (1) The alleged false representations were merely "puffing"; (2) defendant Perusse did not participate in the misrepresentation; and (3) the writing obtained from the victim was not property.

There is an abundance of substantial evidence supporting the conclusion the representations respecting the damaged condition of the victim's residence and of the need for immediate repair and control work were false; were relied upon by the victim; and were actionable. Defendants' arguments to the contrary are without merit.

Defendant Perusse was the inspector; signed the inspection report as such; vocally participated in some of the misrepre-

sentations; and by his manner acquiesced in the other misrepresentations. There is substantial evidence supporting the conclusion Perusse was a joint participant as well as an aider and abettor in the offense charged.

On the other hand, defendants' contention the evidence does not establish any property was taken from the victim is meritorious. The People contend the writing executed by the victim created a contractual obligation which is property within the theft statute as held in *People* v. *Parker,* 255 Cal.App.2d 664, 671-672 [63 Cal.Rptr. 413]; *Buck* v. *Superior Court,* 232 Cal.App.2d 153, 160 [42 Cal.Rptr. 527, 11 A.L.R.3d 1064], and *People* v. *Frankfort,* 114 Cal.App.2d 680, 702-703 [251 P.2d 401]. This contention disregards the rule that where it is understood an agreement is not complete until the writing evidencing it is signed by both parties, no contract exists until both have signed. (*Louis Lesser Enterprises, Ltd.* v. *Roeder,* 209 Cal.App.2d 401, 405 [25 Cal.Rptr. 917].) In the case at bench the evidence establishes as a matter of law the only thing defendants obtained from the victim was a writing expressing an offer to enter into a contract, which was subject to withdrawal at any time before acceptance in a prescribed manner (Civ. Code, § 1586; *Grieve* v. *Mullaly,* 211 Cal. 77, 79 [293 P. 619]); no obligation was created thereby absent such acceptance (*Grieve* v. *Mullaly, supra,* 211 Cal. 77, 79; *Louis Lesser Enterprises, Ltd.* v. *Roeder, supra,* 209 Cal.App.2d 401, 405; *Gold* v. *Gibbons,* 178 Cal.App.2d 517, 519 [3 Cal.Rptr. 117]); acceptance did not occur; the writing expressing the offer was of no value (*Buck* v. *Superior Court, supra,* 232 Cal.App.2d 153, 158; *People* v. *Sewall,* 90 Cal.App. 476, 479 [265 P. 1040]; cf. *Stubbs* v. *Abercrombie,* 42 Cal.App. 170, 176 [183 P. 458]); and, as a consequence, no property was taken from the victim. (*People* v. *Cassou,* 27 Cal.App. 23, 25 [148 P. 810].)

The writing also contained the following: ''Upon cancellation of this contract, there shall be a cancellation fee of $75.00.'' The people contend the foregoing provision imposed an obligation upon the victim and for this reason the transaction constituted a theft. The provision refers to cancellation of the ''contract.'' As heretofore noted, the ''contract'' did not come into existence because it lacked acceptance by the company. Assuming the provision refers to the cancellation of the ''offer,'' it was without a consideration; was not binding upon the victim; and, for this reason, created no obligation.

(*Bellasi* v. *Shackelford*, 201 Cal.App.2d 265, 267 [19 Cal. Rptr. 925].)

■ Although the transaction gave rise to a potential obligation, until the obligation actually was created the offense of taking property by false pretense had not been committed. (See *People* v. *Cassou, supra,* 27 Cal.App. 23, 25.) However, the evidence dictates a finding defendants attempted to commit that offense. (*People* v. *Anderson,* 55 Cal.2d 655, 661 [12 Cal.Rptr. 500, 361 P.2d 32]; *People* v. *Camodeca,* 52 Cal.2d 142, 145 [338 P.2d 903].) The transaction advanced far beyond the planning stage. All that remained was acceptance of the offer by the company. The verdicts should be modified accordingly. (Pen. Code, § 1181, subd. 6.)

■ Defendants' claim of error in denying their motion under Penal Code, section 995 is not established. The transcript of the preliminary hearing is not a part of the record on appeal. In its absence, error cannot be presumed. (*People* v. *Scott,* 24 Cal.2d 774, 777 [151 P.2d 517].)

■ On the day of trial defendants moved for a continuance. Previously the district attorney had been advised of their intention to make this motion. The reason for the continuance was to enable the attorney for defendants additional time within which to make a further investigation, which allegedly had not been made theretofore on account of a lack of funds. The motion was denied. Defendants assert the denial as error. Approximately three and one-half months transpired between arraignment and trial. The determination of a motion for continuance of a trial is a matter within the legal discretion of the court and its decision in the premises, absent a showing of abuse, will not be disturbed on appeal. (*People* v. *Dalton,* 201 Cal.App.2d 396, 407 [20 Cal.Rptr. 51, 95 A.L.R.2d 628]; *People* v. *Markos,* 146 Cal.App.2d 82, 86 [303 P.2d 363].) Three and one-half months was ample time within which to prepare for trial. (*People* v. *Davis,* 43 Cal.2d 661, 668-669 [276 P.2d 801].) There is no showing of any abuse of discretion.

■ Defendants charge the trial judge with prejudicial misconduct in that it appears he read the report of the probation officer before ruling on their motion for a new trial. Even assuming a trial judge should refrain from reading the report of a probation officer until after he has passed upon a motion for new trial, the report in the case at bench did not contain any new matter respecting the issues to be determined on that

motion, and could not have influenced the decision. The alleged misconduct does not authorize a reversal. (*Buckley* v. *Chadwick,* 45 Cal.2d 183, 203 [288 P.2d 12, 289 P.2d 242]; *Zinn* v. *Ex-Cell-O Corp.,* 148 Cal.App.2d 56, 87 [306 P.2d 1017]; *Rau* v. *Redwood City Woman's Club,* 111 Cal.App.2d 546, 555 [245 P.2d 12].)

The verdicts of the jury are modified to find each defendant guilty of attempting to commit the offense of grand theft as charged in the information. The orders granting probation are reversed and the cause is remanded to the trial court with directions to enter such lawful order or judgment against each defendant, based on the modified verdicts, as the court deems appropriate. (*People* v. *Rojas,* 55 Cal.2d 252, 261 [10 Cal.Rptr. 465, 358 P.2d 921, 85 A.L.R.2d 252].)

Brown (Gerald), P. J., and Whelan, J., concurred.